Daniel T. Quinn
Alaska Bar No. 8211141
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953
dquinn@richmondquinn.com

Attorneys for Defendant
Paul L. Mr. Devine

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

NORDAQ ENERGY, INC., a Delaware
corporation with its principal place of business
in Alaska,

              Plaintiff and Counter
              Defendant,

     v.

PAUL L. DEVINE, a citizen of the United
Kingdom; ANDREW ALLISTER KNOTT, a
citizen of the United Kingdom; LOTHIAN
INVESTMENT PARTNERS LIMITED, a
corporation organized under the laws of
Scotland, United Kingdom, and with its
principal place of business in the United
Kingdom; and GOLDEN EAGLE
PETROLEUM LIMITED, a corporation
organized under the laws of Scotland, United
Kingdom, and with its principal place of
business in the United Kingdom,

              Defendants and Counter
              Plaintiff.

Case No. 3:16-cv-00267-JWS

**DEFENDANT PAUL DEVINE'S
FIRST AMENDED ANSWER TO
NORDAQ ENERGY, INC.'S
SECOND AMENDED
COMPLAINT, AND ORIGINAL
COUNTERCLAIMS AGAINST
NORDAQ ENERGY, INC.**

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2036
(907) 276-5727
FAX (907) 276-2953

Defendant Paul L. Mr. Devine ("Mr. Devine"), by and through his undersigned counsel, hereby files his First Amended Answer in response to the Second Amended Complaint ("Complaint") of Plaintiff NordAq Energy, Inc., ("NordAq"), and his Original Counterclaims against NordAq Energy, Inc. as follows:

## PARTIES

1.  Defendant Mr. Devine admits that NordAq is a Delaware corporation headquartered in Alaska as alleged in Paragraph 1 of the Complaint, but denies the remaining allegations of that Paragraph.

2.  Defendant Mr. Devine admits allegations in Paragraph 2 of the Complaint that he is a citizen of the United Kingdom, and a legal resident of the United States working and residing in the State of Alaska. Furthermore, Defendant Mr. Devine has previously filed an Answer herein.

3.  Defendant Mr. Devine agrees that Defendant Knott is a resident of London, England as set forth in Paragraph 3 of the Complaint, but denies the remaining allegations.

4.  Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies them.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 2 of 49

5. Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore denies them.

## JURISDICTION/VENUE

6. Defendant Mr. Devine admits he is a citizen of the United Kingdom, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of the Complaint, and therefore denies them.

7. Defendant Mr. Devine admits venue is appropriate in this Court as to NordAq's claims against Defendant Mr. Devine, as set forth in Paragraph 7 of the Complaint.

## ALLEGATIONS

8. Defendant Mr. Devine admits he served as Chief Financial Officer ("CFO") of NordAq from January 2011 to August 2013 and as Chief Executive Officer ("CEO") of NordAq from September 2013 to July 2015, and that Mr. Devine served as a member of NordAq's Board of Directors from April 2011 to June 2015. Mr. Devine denies the additional allegations in Paragraph 8.

9. Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies them.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 3 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

10. Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies them.

11. Defendant Mr. Devine denies the allegations of Paragraph 11 of the Complaint.

11.1 Defendant Mr. Devine denies the allegations of Paragraph 11.1 of the Complaint.

11.2 Defendant Mr. Devine denies the allegations of Paragraph 11.2 of the Complaint.

11.3 Defendant Mr. Devine denies the allegations of Paragraph 11.3 of the Complaint.

11.4 Defendant Mr. Devine denies the allegations of Paragraph 11.4 of the Complaint.

11.5 Defendant Mr. Devine denies the allegations of Paragraph 11.5 of the Complaint.

12. Defendant Mr. Devine denies the allegations of Paragraph 12 of the Complaint.

12.1 Defendant Mr. Devine denies the allegations of Paragraph 12.1 of the Complaint.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 4 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 4 of 49

12.2    Defendant Mr. Devine denies the allegations of Paragraph 12.2 of the Complaint.

12.3    Defendant Mr. Devine denies the allegations of Paragraph 12.3 of the Complaint.

12.4    Defendant Mr. Devine denies the allegations of Paragraph 12.4 of the Complaint.

12.5    Defendant Mr. Devine denies the allegations of Paragraph 12.5 of the Complaint.

12.6    Defendant Mr. Devine denies the allegations of Paragraph 12.6 of the Complaint.

12.7    Defendant Mr. Devine denies the allegations of Paragraph 12.7 of the Complaint.

12.8    Defendant Mr. Devine denies the allegations of Paragraph 12.8 of the Complaint.

12.9    Defendant Mr. Devine denies the allegations of Paragraph 12.9 of the Complaint.

12.10    Defendant Mr. Devine denies the allegations of Paragraph 12.10 of the Complaint.

13.    Defendant Mr. Devine denies the allegations of Paragraph 13 of the Complaint.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 5 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

14.    Defendant Mr. Devine denies the allegations of Paragraph 14 of the Complaint.

15.    Defendant Mr. Devine denies the allegations of paragraph 15 of the Complaint.

16.    Defendant Mr. Devine denies the allegations of paragraph 16 of the Complaint.

17.    Defendant Mr. Devine denies the allegations of paragraph 17 of the Complaint.

18.    Defendant Mr. Devine denies the allegations of paragraph 18 of the Complaint.

19.    Defendant Mr. Devine denies the allegations of paragraph 19 of the Complaint.

20.    Defendant Mr. Devine denies the allegations of paragraph 20 of the Complaint.

21.    Defendant Mr. Devine denies the allegations of paragraph 21 of the Complaint.

22.    Defendant Mr. Devine denies the allegations of paragraph 22 of the Complaint.

23.    Defendant Mr. Devine denies the allegations of paragraph 23 of the Complaint.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 6 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

24.     Defendant Mr. Devine denies the allegations of paragraph 24 of the Complaint.

25.     Defendant Mr. Devine denies the allegations of paragraph 25 of the Complaint.

26.     Defendant Mr. Devine denies the allegations of paragraph 26 of the Complaint.

27.     Defendant Mr. Devine denies the allegations of paragraph 27 of the Complaint.

28.     Defendant Mr. Devine denies the allegations of paragraph 28 of the Complaint.

29.     Defendant Mr. Devine denies the allegations of paragraph 29 of the Complaint.

30.     Defendant Mr. Devine denies the allegations of paragraph 30 of the Complaint.

31.     Defendant Mr. Devine denies the allegations of paragraph 31 of the Complaint.

32.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and therefore denies them.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 7 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 7 of 49

33.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, and therefore denies them.

34.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and therefore denies them.

35.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and therefore denies them.

36.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, and therefore denies them.

37.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint, and therefore denies them.

38.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and therefore denies them.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 8 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 8 of 49

39.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, and therefore denies them.

40.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint, and therefore denies them.

41.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint, and therefore denies them.

42.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint, and therefore denies them.

43.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies them.

44.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, and therefore denies them.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 9 of 49

45.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint, and therefore denies them.

46.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint, and therefore denies them.

47.     Defendant Mr. Devine denies the allegations of paragraph 47 of the Complaint.

48.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint, and therefore denies them.

49.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint, and therefore denies them.

50.     Defendant Mr. Devine denies the allegations of paragraph 50 of the Complaint.

51.     Defendant Mr. Devine admits he resigned from his employment with NordAq, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 51 of the Complaint, and therefore denies it.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 10 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K. STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

52.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint, and therefore denies them.

53.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint, and therefore denies them.

54.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first part of Paragraph 54 of the Complaint, and therefore denies them. Defendant Mr. Devine denies the allegation in Paragraph 54 that He, Knott and Lothian acted in concert to harm NordAq in any way.

## CAUSES OF ACTION AGAINST DEVINE
## COUNT I-CONVERSION

55.     Defendant Mr. Devine incorporates herein his responses stated in paragraphs 1-54 above.

56.     Defendant Mr. Devine denies the allegations of paragraph 56 of the Complaint.

57.     Defendant Mr. Devine denies the allegations of paragraph 57 of the Complaint.

58.     Defendant Mr. Devine denies the allegations of paragraph 58 of the Complaint.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 11 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

59. Defendant Mr. Devine denies the allegations of paragraph 59 of the Complaint.

## COUNT 2-BREACH OF FIDUCIARY DUTY

60. Defendant Mr. Devine incorporates herein his responses stated in paragraphs 1-59 above.

61. Defendant Mr. Devine denies the allegations of paragraph 61 of the Complaint.

62. Defendant Mr. Devine admits the allegations of paragraph 62 of the Complaint.

63. Defendant Mr. Devine denies the allegations of paragraph 63 of the Complaint.

64. Defendant Mr. Devine denies the allegations of paragraph 64 of the Complaint.

## COUNT 3-BREACH OF FIDUCIARY DUTY

65. Defendant Mr. Devine incorporates herein his responses stated in paragraphs 1- 64 above.

66. Defendant Mr. Devine admits the allegations of paragraph 66 of the Complaint.

67. Defendant Mr. Devine denies the allegations of paragraph 67 of the Complaint.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 12 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASK 99501-2038
(907) 276-5727
FAX (907) 276-2953

68.     Defendant Mr. Devine denies the allegations of paragraph 68 of the Complaint.

## COUNT 4-FIDUCIARY FRAUD

69.     Defendant Mr. Devine incorporates herein his responses stated in paragraphs 1- 68 above.

70.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint, and therefore denies them.

71.     Defendant Mr. Devine denies the allegations of paragraph 71 of the Complaint.

72.     Defendant Mr. Devine denies the allegations of paragraph 72 of the Complaint.

73.     Defendant Mr. Devine denies the allegations of paragraph 73 of the Complaint.

## CAUSES OF ACTION AGAINST
## KNOTT, LOTHIAN, AND GOLDEN EAGLE

## COUNT 5-AIDING AND ABETTING DEVINE'S
## AND KIDD'S BREACH OF FIDUCIARY DUTIES

74.     Defendant Mr. Devine incorporates herein his responses stated in paragraphs 1- 73 above.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 13 of 49

Case 3:16-cv-00267-JWS     Document 68     Filed 05/10/17     Page 13 of 49

75.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint, and therefore denies them.

76.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint, and therefore denies them.

77.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint, and therefore denies them.

78.     Defendant Mr. Devine denies the allegations of paragraph 78 of the Complaint.

79.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint, and therefore denies them.

80.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint, and therefore denies them.

81.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint, and therefore denies them.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 14 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

82.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint, and therefore denies them.

83.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint, and therefore denies them.

84.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint, and therefore denies them.

85.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint, and therefore denies them.

## COUNT 6-RESCISSION

86.     Defendant Mr. Devine incorporates herein his responses stated in paragraphs 1 - 85 above.

87.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint, and therefore denies them.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASK 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 15 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 15 of 49

88.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint, and therefore denies them.

89.     Defendant Mr. Devine denies the allegations set forth in Paragraph 89 of the Complaint.

90.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Complaint, and therefore denies them.

91.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint, and therefore denies them.

## COUNT 7-DECLARATORY RELIEF

92.     Defendant Mr. Devine incorporates herein his responses stated in paragraphs 1 - 91 above.

93.     Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Complaint, and therefore denies them.

94.     The allegations set forth in Paragraph 94 states a legal conclusion to which no response is required; if such a response is required, Defendant Mr. Devine denies those allegations.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 16 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

95. Paragraph 95 requests relief from this Court to which no response is Required; if such a response is required, Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Complaint, and therefore denies them.

## COUNT 8-REFORMATION

96. Defendant Mr. Devine incorporates herein his responses stated in paragraphs 1 - 95 above.

97. Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint, and therefore denies them.

98. Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint, and therefore denies them.

99. Defendant Mr. Devine denies the allegations of paragraph 99 of the Complaint.

100. Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint, and therefore denies them.

101. Paragraph 101 requests relief from this Court to which no response is required; if such a response is required, Defendant Mr. Devine lacks knowledge or

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 17 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Complaint, and therefore denies them.

## COUNT 9-BREACH OF CONTRACT

102.    Defendant Mr. Devine incorporates herein his responses stated in paragraphs 1 - 101 above.

103.    Paragraph 103 requests relief from this Court to which no response is required; if such a response is required, Defendant Mr. Devine denies NordAq has performed all of its obligations under the agreements between NordAq and Knott/Lothian.

104.    Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Complaint, and therefore denies them.

105.    Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint, and therefore denies them.

106.    Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Complaint, and therefore denies them.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 18 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 18 of 49

107. Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Complaint, and therefore denies them.

## COUNT 10-BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

108. Defendant Mr. Devine incorporates herein his responses stated in paragraphs 1 - 107 above.

109. Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Complaint, and therefore denies them.

110. Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint, and therefore denies them.

111. Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Complaint, and therefore denies them.

## COUNT 12-UNFAIR TRADE PRACTICES ACT AS 45.50.471, *ET SEQ.*

112. Defendant Mr. Devine incorporates herein his responses stated in paragraphs 1 - 111 above.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 19 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 19 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

113.    Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 of the Complaint, and therefore denies them.

114.    Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Complaint, and therefore denies them.

115.    Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115 of the Complaint, and therefore denies them.

116.    Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Complaint, and therefore denies them.

117.    Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117 of the Complaint, and therefore denies them.

118.    Defendant Mr. Devine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint, and therefore denies them.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 20 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 20 of 49

119.    The allegations set forth in Paragraph 119 states a legal conclusion to which no response is required; if such a response is required, Defendant Mr. Devine denies those allegations.

120.    The allegations set forth in Paragraph 120 states a legal conclusion to which no response is required; if such a response is required, Defendant Mr. Devine denies those allegations.

## PRAYER FOR RELIEF

1.    Defendant Mr. Devine admits that NordAq prays for a trial by jury, but denies they are entitled to relief requested in Paragraph 1.

2.    Defendant Mr. Devine denies that NordAq is entitled to relief requested in Paragraph 2.

3.    Defendant Mr. Devine denies that NordAq is entitled to relief requested in Paragraph 3.

4.    Defendant Mr. Devine denies that NordAq is entitled to relief requested in Paragraph 4.

5.    Defendant Mr. Devine denies that NordAq is entitled to relief requested in Paragraph 5.

6.    Defendant Mr. Devine denies that NordAq is entitled to relief requested in Paragraph 6.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 21 of 49

7.     Defendant Mr. Devine denies that NordAq is entitled to relief requested in Paragraph 7.

8.     Defendant Mr. Devine denies that NordAq is entitled to relief requested in Paragraph 8.

9.     Defendant Mr. Devine denies that NordAq is entitled to relief requested in Paragraph 9.

10.    Defendant Mr. Devine denies that NordAq is entitled to relief requested in Paragraph 10.

## AFFIRMATIVE DEFENSES

Without assuming any burden that he would not otherwise bear, and reserving his right to assert additional defenses, and to bring additional counterclaims against NordAq, Defendant Mr. Devine, for his affirmative defenses, pleads as follows:

### FIRST AFFIRMATIVE DEFENSE

1.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     NordAq is not entitled to injunctive relief because any alleged injury to NordAq is not immediate or irreparable. NordAq has an adequate remedy at law, and the balance of hardships and public interest do not favor an injunction in this case.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 22 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 22 of 49

## THIRD AFFIRMATIVE DEFENSE

3.     Mr. Devine has not been properly served with citation and / or service of process.

## FOURTH AFFIRMATIVE DEFENSE

4.     NordAq's claims against Mr. Devine are barred in whole or in part by the statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

5.     NordAq's claims against Mr. Devine are barred in whole or in party by NordAq's unclean hands, and NordAq's breaches of contract.

## SIXTH AFFIRMATIVE DEFENSE

6.     NordAq's claims against Mr. Devine are barred in whole or in party by NordAq's breaches of contract.

## SEVENTH AFFIRMATIVE DEFENSE

7.     NordAq's claims against Mr. Devine are barred in whole or in party by NordAq's agreement to indemnify, release, and hold harmless Defendant Mr. Devine.

## EIGHTH AFFIRMATIVE DEFENSE

8.     NordAq's claims against Mr. Devine are barred by NordAq's misrepresentations and fraud against Defendant Mr. Devine.

Defendant Mr. Devine reserves all defenses under the Federal Rules of Civil Procedure, the laws of the States of Alaska, Delaware, and of the United States, and any

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 23 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

other defenses at law or in equity that may exist now or that may be available in the future.

## COUNTER-PLAINTIFF PAUL L. DEVINE'S ORIGINAL COUNTERCLAIMS AGAINST NORDAQ ENERGY, INC.

### I.    INTRODUCTION

1.    NordAq Energy, Inc. ("NordAq"), at the behest and control of its single largest shareholder Nuoxin Co., Ltd ("Nuoxin"), and individuals and entities conspiring with Nuoxin as discussed herein, has aggressively used the court systems in Alaska, Texas, and Alabama over the last six months for one singular purpose – to misdirect and distract its other shareholders from the true cause of harm to NordAq and its shareholders. That misdirection and distraction stops today, and will be exposed in these counter claims, in great detail.

2.    The true cause of harm to NordAq's shareholders has been the actions of Nuoxin, Nuoxin's representatives on the NordAq Board, and those acting under their direction and control.    Because of these conspirators' conduct, NordAq's other shareholders have suffered significant and substantial economic and non-economic harm.

3.    NordAq – acting at Nuoxin's behest and in concert with Nuoxin and other individual conspirators described herein – has engaged in an aggressive litigation campaign against Counter-Plaintiff Mr. Devine, filing lawsuits in Alaska, Texas, and

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 24 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 24 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Alabama in attempts to discredit, embarrass, and bully Mr. Devine. These lawsuits have accused Mr. Devine of many types of nefarious and outrageous conduct. However, as set forth herein, Mr. Devine's conduct is in fact the largest single reason that NordAq still exists and has the potential to make substantial sums of money from North Slope oil projects. Nuoxin's conduct, and that of its co-conspirators, on the other hand, is the single largest reason that NordAq and its shareholders have suffered great economic loss.

## II.    PARTIES, VENUE, AND JURISDICTION

4.    Counter-Plaintiff Paul L. Devine ("Mr. Devine") is a citizen of the United Kingdom, and a legal resident of the United States. Mr. Devine has appeared and filed an Answer herein.

5.    Counter-Defendant NordAq Energy, Inc. ("NordAq") is a Delaware corporation headquartered in Anchorage, Alaska.

6.    This Court has jurisdiction over these counter claims, and venue is proper in this Court. These counter claims arise from the same factual events underlying NordAq's claims that have been asserted against Defendant/Counter-Plaintiff Mr. Devine in this action.

## III.    DESCRIPTION OF OTHERS

7.    While not a named party to these counter claims, several other individuals and entities will be discussed at length herein. Counter-Plaintiff Mr. Devine anticipates

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 25 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 25 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

seeking leave of Court to join some or all of these individuals and entities as parties in this case in the near future.

8.     Nuoxin Co., Ltd. ("Nuoxin") is an Anguilla limited liability company. Nuoxin is an affiliate of and joint owner/controller/co-conspirator with Chinanx.

9.     Upon information and belief, Chinanx Huafu Investment Fund Management (Beijing) Co. Ltd. ("Chinanx") is a foreign corporation headquartered in Beijing, China. It is an affiliate of and alter ego/controller/co-conspirator with Nuoxin.

10.     Upon information and belief, Doris Cheng ("Cheng") is an individual who resides in San Diego, California. Cheng serves on the NordAq Board of Directors as a representative of Nuoxin.

11.     David Pfeiffer ("Pfeiffer") is an individual who resides in Chicago, Illinois. Pfeiffer is an employee of Counter Defendant NordAq and has in the past performed services for Clearview Management, Inc.

## IV.     FACTUAL BACKGROUND

12.     Mr. Devine was recruited to work with NordAq in 2010. Previously, Mr. Devine was serving as the CEO of a packaging company with international sales.

13.     Mr. Devine began by serving as a consultant to NordAq, in an effort to help the nascent company raise funds to commence operations in oil and gas drilling. Over the course of the next five years, Mr. Devine would subsequently get promoted to CFO, CEO, and a Board position.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 26 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

14.     Mr. Devine signed an employment agreement with NordAq, requiring NordAq to indemnify him should a lawsuit be filed arising out of his employment with NordAq.   Counter-Defendant NordAq is required to pay Mr. Devine's legal fees associated with this action, now and upon Mr. Devine prevailing in this action, and this Counter Claim hereby serves notice to NordAq for its obligations associated therewith.

15.     At the time Mr. Devine joined NordAq, the company was, for all practical purposes, nearly insolvent.   NordAq's primary asset at the time was approximately 42,000 acres of leased rights for oil and gas development in the Cook Inlet.   NordAq had a work commitment on the Shadura portion of these rights, and required significant capital quickly, in order to fulfill its work commitment obligations.   Mr. Devine was originally brought in to help raise this capital.

16.     Mr. Devine was in fact successful in raising over $10,000,000.00 of debt and equity during that period of time, and NordAq was able to fulfill its work commitment on the Shadura. Mr. Devine was also able to structure the capital raised in such a way that all existing shareholders would be able to avoid a significant dilutive effect by this additional capital raise. This was the first of several times that Mr. Devine was able to salvage the business of NordAq, raise over ten million dollars in capital to further its operations, and protect the best interests of the shareholders.

17.     Unfortunately, despite NordAq's efforts, the Shadura well was not prosperous.  Thus, after Mr. Devine raised substantial funds, which were expended to

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 27 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

fund the Shadura drilling project, NordAq was once again facing a significant capital shortage. Mr. Devine set out to once again protect the shareholders' best interests and raise additional funds to keep NordAq afloat.

18.     Around this time, NordAq Board Chairman John Kidd had the idea to purchase lease rights in the Alaska North Slope ("ANS") area. Then-Governor Palin had enacted a tax structure unfavorable to producers, and many of the entities holding lease rights in the ANS were abandoning those leases. NordAq pursued purchasing those ANS leases, and Mr. Devine continued to raise funds for NordAq to further this initiative.

19.     As part of that fund-raising strategy, Mr. Devine was introduced to Andrew Knott. In exchange for Mr. Knott lending over $5,000,000.00 to NordAq that would allow NordAq to bid on certain ANS leases known as the Grey Owl and Castle, Mr. Knott was given a call option on those leases, should NordAq be the successful bidder.

20.     NordAq was the successful bidder on these certain ANS leases, and Mr. Knott exercised his call option and transferred those leases to his company, Golden Eagle Petroleum Limited. However, NordAq was granted a 30% ownership interest in the Grey Owl and Castle leases, as a result of the terms negotiated by Mr. Devine. Thus, once again, Mr. Devine was successful in securing a valuable ownership interest in oil and gas assets for NordAq's shareholders, despite NordAq's perilous financial state.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 28 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

21.     Despite NordAq's allegations of impropriety with respect to these transactions with Mr. Knott, NordAq's outside counsel Crowell and Moring reviewed the form and substance of this transaction, reviewed the accompanying deal documents, and served as escrow agent on the transaction. To Mr. Devine's knowledge, NordAq never once raised with its counsel at the time that these transactions were so harmful as NordAq now alleges.

22.     During this same time period, NordAq acquired certain lease rights in the ANS area known as the Tulimaniq. Once it had acquired these lease rights, NordAq needed significant capital to drill the Tulimaniq area and prove that it had commercially valuable recoverable oil and gas. This required an investment of an estimated $150,000,000.00 – a sum that NordAq did not even have a tenth of. Thus, once again Mr. Devine went to work to raise funds for NordAq to develop this valuable asset.

23.     As part of this fundraising effort, NordAq determined that it would need approximately $60,000,000.00 in equity investment, and $90,000,000.00 in debt investment to acquire the needed $150,000,000.00. Mr. Devine engaged a London-based investment banking firm, developed a Private Placement Memorandum ("PPM"), and began working to secure a commitment for the $90,000,000.00 in debt financing that would be contingent upon the $60,000,000.00 equity investment.

24.     Mr. Devine was then introduced to the Chinanx / Nuoxin family of companies (collectively "Nuoxin"). Nuoxin was represented to NordAq through Doris

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 29 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Cheng, who is now on NordAq's Board of Directors. Nuoxin and Cheng represented that Nuoxin was willing, interested and able to invest the $60,000,000.00 (with an option on an additional $30,000,000.00) that NordAq needed to make the Tulimaniq drilling program a reality.

25.     Thus, in the summer of 2014, Mr. Devine went to Hong Kong to close the deal with Nuoxin. Sure enough, Nuoxin signed a Subscription Agreement to fund the $60,000,000.00 investment into NordAq that was required to develop the Tulimaniq field. Nuoxin's investment required Nuoxin to fund in two different tranches: an immediate funding of $20,000,000.00 and a second tranche of $40,000,000.00 by October 31, 2014. The agreement also gave Nuoxin an option to fund an additional $30,000,000.00 in exchange for additional NordAq equity.

26.     This was a monumental occurrence in NordAq's history and for its shareholders. The share price paid by Nuoxin in the subscription agreement was $15.00 per share, representing the highest valuation achieved at that point in NordAq's history.

27.     Nuoxin, separately and through its agent Doris Cheng, represented to Mr. Devine and NordAq that it would fund its second $40,000,000.00 commitment no later than October 31, 2014. Relying on these representations, Mr. Devine and NordAq secured work commitments from a vast array of contractors that would be required to provide services that winter (2014-2015) to develop the Tulimaniq field.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 30 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

28.    Unbeknownst to Mr. Devine, Nuoxin and Cheng defrauded Mr. Devine and NordAq, and had no intent to uphold their word and honor the contract that had been signed to provide additional funds to NordAq beyond the initial investment. Nuoxin used its negotiating leverage in providing the original tranche of funds to NordAq in order to gain effective control over NordAq and all of its operations – it gained Board seats on NordAq's Board of Directors, and became NordAq's single largest individual shareholder. Nuoxin placed Doris Cheng (and later Daniel Tao) on NordAq's Board, both of whom have conspired with Nuoxin to defraud NordAq and Mr. Devine, breach contract(s) with NordAq and Mr. Devine, and upon information and belief, attempt to overtake NordAq's business in distress in order to enrich themselves and Nuoxin.

29.    After funding its tranche one commitment, Doris Cheng – on her own and on behalf of Nuoxin – affirmatively represented to Mr. Devine on numerous occasions that Nuoxin would uphold its funding commitments, and affirmatively induced Mr. Devine and NordAq to enter into contractor agreements based on that promise. At the time Cheng and Nuoxin made those representations, they knew they were false, as Nuoxin had no intent of fulfilling its second tranche funding component once the price of oil began to fall in 2014.

30.    Nuoxin defaulted on its obligations under the Subscription Agreement in October 2014, and failed to provide any additional funds beyond its tranche one payment. This left NordAq in a disastrous situation – it had committed far more capital

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 31 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

than it now had on hand in order to drill in the winter of 2014/2015, expressly relying on Nuoxin's fraudulent misrepresentations. Cheng made these misrepresentations both on her own behalf and on behalf of Nuoxin and NordAq, where she now served as a Board member and began directing the operations of the company.

31. Faced with the dire consequences of these misrepresentations, Mr. Devine did the one thing he was best at to attempt to salvage the operations of NordAq – he continued to raise capital to try to pay off NordAq's many creditors and continue its business operations. Mr. Devine raised over $10,000,000.00 during this time period from John Paul Dejoria, an individual that was already an equity investor in NordAq. Absent Mr. Dejoria's loan, NordAq likely would not have survived the winter of 2014-2015. Once again, Mr. Devine had acted in the best interest of NordAq shareholders, and continued raising funds for the operation of the business, despite Nuoxin's material harm that it had inflicted by breaching its contract and making misrepresentations of material fact.

32. After surviving the winter of 2014-2015, Mr. Devine began to plan for how he would now raise the $150,000,000.00 again, for a second time, as it was still required to develop the Tulimaniq field after Nuoxin's material default. Mr. Devine was able to raise this $150,000,000.00 again by structuring a deal with Caelus Energy, a Texas-based oil and gas company.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 32 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

33. To effectuate this transaction, Caelus agreed to pay $150,000,000.00 for 75% of NordAq's interest in the Tulimaniq field. NordAq's remaining 25% interest in Tulimaniq was subsequently reduced to 17.5% as a result of an agreement with NordAq's lead contractor who had a significant claim against the company as a result of Nuoxin's failure to fund in 2014.

34. NordAq's Board unanimously approved the Caelus transaction, as described in the completion documents surrounding that transaction.

35. Thus, Mr. Devine was ultimately able to raise capital to pay off all NordAq's significant outstanding liabilities created by Nuoxin's failure to fund and Cheng's misrepresentations, made on behalf of herself, Nuoxin, and NordAq, and leave NordAq's shareholders in a position where they owned up to 25% of the Tulimaniq field.

36. Caelus Energy then proved exactly what NordAq had anticipated – that the Tulimaniq fields held valuable oil and gas reserves. Caelus announced in October 2016 that its holdings on the ANS, acquired from NordAq, may contain between six and ten billion barrels of light oil.

37. Now that Caelus has substantiated predictions that these ANS assets – acquired with money raised by Mr. Devine, on an idea developed by Kidd – were of significant value, NordAq and those controlling it have gone to unbelievable measures to distract its shareholders from the true facts. But for Cheng's misrepresentations and

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 33 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Nuoxin's failure to fund the second tranche commitment in 2014, NordAq would own 100% of the Tulimaniq discovery – rather than just 17.5%.

38.     In order to distract shareholders from the fact that they lost hundreds of millions of dollars in value due to Nuoxin's and Cheng's misrepresentations and breaches of contract, Nuoxin, Cheng, and NordAq embarked on an aggressive litigation campaign, blaming Mr. Devine for alleged improprieties with respect to NordAq's business.

39.     This aggressive and misleading litigation campaign has led to NordAq filing baseless claims against Mr. Devine in Alaska, and against friends of Mr. Devine in Texas and Alabama. All of these filings were part of a joint venture conspiracy perpetuated by Nuoxin, Cheng, Pfeiffer and NordAq (collectively "Counter-Defendants," even though some have not yet been joined in this action) to attempt to distract NordAq shareholders from the damage they suffered by the actions of the Counter-Defendants.

40.     In these various litigations, NordAq accuses Mr. Devine of misappropriating over $5,000,000.00 of NordAq funds. Counter-Defendant Pfeiffer purports to account for these funds through a series of allegedly factual affidavits.

41.     However, throughout these filings, NordAq has omitted one vital and outcome-determinative fact:  Shortly after Mr. Devine was hired to assist NordAq, he was granted an incentive compensation package that agreed to pay Mr. Devine 2.5% of

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 34 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

all funds that Mr. Devine was able to raise for the operation of NordAq's business. This incentive compensation grant was provided in writing from NordAq's Executive Chairman.

42. As set forth above, Mr. Devine raised by some accounts over $300,000,000.00 for NordAq between 2010 and 2015. He secured equity commitments from Nuoxin of $60,000,000.00, and various other debt and equity commitments, including a commitment from Caleus of $150,000,000.00, and commitments from other lenders and investors for tens of millions of dollars. Thus, Mr. Devine earned – in incentive compensation alone – over $7.5 million dollars from NordAq.

43. Despite this amazing success directly resulting from Mr. Devine's Herculean fundraising efforts, NordAq has now sued Mr. Devine, claiming that all of the monies paid to him under this arrangement that NordAq entered and ratified were somehow improper. Thus, NordAq has breached its contract with Mr. Devine to pay him 2.5% of funds he raised for NordAq, if its claims against Mr. Devine are accepted. Mr. Devine has suffered real and immediate harm as a result of this breach of contract by NordAq, both financially and to his reputation.

44. Despite the sound and fury screamed by NordAq in its multiple litigation filings, Mr. Devine and NordAq ratified and fully disclosed this 2.5% incentive compensation owed to Mr. Devine. In fact, in the 2014 Subscription Agreement that NordAq signed with Nuoxin, it disclosed this compensation arrangement, and Nuoxin

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 35 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

ratified this compensation structure. NordAq, acting under the conspiracy and control of Nuoxin, Cheng, and Pfeiffer, should now be estopped from claiming that its payments to Mr. Devine (and Kidd) were improper or inappropriate, when all of the Counter-Defendants fully and completely ratified and approved this arrangement.

45.     In addition to these meritless claims asserted by NordAq, which breach its agreement with Mr. Devine, NordAq (controlled by Nuoxin and Cheng) has conspired with Pfeiffer to attempt to capitalize on Mr. Devine's cancer treatment and near-terminal illness to try to obtain a default judgment. The Counter-Defendants' conspiratorial conduct nearly resulted in default judgment being entered against Mr. Devine, which would have required him to repay funds that he rightfully earned based on his contract with NordAq. The Counter-Defendants have continually made misrepresentations to Mr. Devine and to this Court in an attempt to wrongfully gain default judgment.

46.     By way of example alone, the conspiring Counter-Defendants utilized Pfeiffer to submit numerous misleading and misrepresenting affidavits regarding Mr. Devine and his financial affairs with NordAq. The Counter-Defendants conveyed the impression to this Court that Clearview Management, Inc.'s ("Clearview") existence and conduct was surprising and detrimental to NordAq. However, these representations by Pfeiffer and NordAq are simply false and misleading.

47.     Clearview is a consulting company utilized by Mr. Devine and Kidd for, among other things, tax purposes to receive and process payments due to them for their

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 36 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 36 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

services rendered to NordAq.  Simply put, once NordAq paid Clearview for sums properly due and owing to Kidd or Mr. Devine, those funds belonged personally to Kidd or Mr. Devine, respectively.

48.  Counter-Defendant Pfeiffer has long known of Clearview and its operations – in fact, he served as Clearview's CFO during Mr. Devine's tenure at NordAq.  He has publicly identified himself as Clearview's CFO.  Prior to NordAq's aggressive litigation campaign, Pfieffer's job with Clearview was to reconcile all of Clearview's payments from NordAq and ensure that they would appropriate – i.e., that they were all proper payments of compensation owed to Mr. Devine (or Kidd) from NordAq.

49.  Never once, prior to this lawsuit and while working with Clearview did Pfeiffer ever claim that payments made to Clearview for the benefit of Mr. Devine (or Kidd) was improper or inappropriate.  Pfeiffer only began making such misrepresentations after he began conspiring with his co-Counter Defendants to attempt to distract NordAq shareholders from the fraud, misrepresentations, and breaches of contract committed by the Counter-Defendants.

50.  Upon information and belief, Nuoxin and Cheng are now effectively controlling NordAq, as its largest single shareholder group.  Nuoxin and Cheng, upon information and belief, are likely using Pfeiffer and others to improperly issue themselves shares of NordAq stock and / or use the legal system improperly (such as by

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 37 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

the filing of the instant lawsuit) in an improper attempt to enrich themselves, either with shareholdings of NordAq owned by Mr. Devine or others, or by other financial mechanisms.

51.     Upon information and belief, Counter-Defendants are conspiring together in such a scheme so that they can enrich themselves with NordAq shares, which have increased substantially in value as a result of the efforts of Mr. Devine and Caelus in the ANS leasehold property.

52.     In sum, the following true facts will be proven true by Mr. Devine:

(a)     NordAq agreed to pay Mr. Devine 2.5% of all funds he was able to raise for NordAq;

(b)     Counter Defendants NordAq, Cheng and Nuoxin fully approved and ratified that agreement;

(c)     Mr. Devine was able to raise hundreds of millions of dollars for NordAq, all in an effort to benefit its shareholders and continue its business;

(d)     NordAq paid Clearview – an entity that Counter Defendant Pfieffer managed the books for – sums that were properly due and owing to Mr. Devine as a result of this arrangement, but Counter Defendants now are abusing the legal system in an aggressive campaign to try and undo these fully ratified payments;

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 38 of 49

(e) NordAq, Cheng, Nuoxin and Pfeiffer are conspiring together to improperly manipulate the business and affairs of NordAq, in an effort to enrich themselves with NordAq shareholdings;

(f) Counter Defendants, acting through NordAq, have embarked on this aggressive litigation campaign to distract NordAq's shareholders from the fact that NordAq lost 82.5% ownership in ANS leases as a result of the misrepresentations and breach of contract of Nuoxin and Cheng; and

(g) Mr. Devine, in his capacity as a shareholder of NordAq, and separately in his individual capacity, has incurred real and substantial economic and non-economic harm as a result of Counter Defendants' actions described herein.

## V. CAUSES OF ACTION

### A. Fraud

53. Counter Plaintiff Mr. Devine incorporates each of the preceding paragraphs as if fully set forth herein.

54. As described above, each of the Counter Defendants made a false or misleading statement to Mr. Devine, which Counter Defendants knew was false or misleading at the time it was made, including but not limited to:

(a) NordAq's representation that it would indemnify him for any litigation arising from his employment;

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 39 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

(b)     NordAq's representation that he was entitled to 2.5% of the monies he was able to raise for NordAq, only to now claim Mr. Devine is not entitled to those funds;

(c)     Cheng's representations, on behalf of herself, Nuoxin, and NordAq that Nuoxin would fund the additional obligations it owed from the 2014 subscription agreement;

(d)     Pfeiffer's multiple representations to Mr. Devine that he would carry out the best interests of Clearview, and that he was concerned for Mr. Devine's well being in the fall of 2016, neither of which have proven true; and

(e)     Multiple other misrepresentations by Counter Defendants, including but not limited to those set forth herein.

55.     Counter Defendants intended or had reason to expect that Mr. Devine would rely on the statement(s) set forth herein, and Mr. Devine justifiably relied on the statement(s).

56.     As a result of his reliance, Mr. Devine has suffered a monetary loss, and his reliance on the statement(s) was a substantial factor in causing his losses.

57.     Wherefore, Mr. Devine is entitled to damages from Counter Defendants as a result of their fraudulent conduct.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 40 of 49

Case 3:16-cv-00267-JWS    Document 68    Filed 05/10/17    Page 40 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

## B. Misrepresentation

58. Counter Plaintiff Mr. Devine incorporates each of the preceding paragraphs as if fully set forth herein.

59. As set forth herein, each of the Counter Defendants made statement(s) in the course of NordAq's and Mr. Devine's business and employment that was false at the time it was made, including but not limited to those set forth in section (A) above.

60. Each of the Counter Defendants failed to use reasonable care when making the statement(s), which Mr. Devine justifiably relied on to his detriment.

61. As a result of his reliance on Counter Defendants' statements, Mr. Devine suffered a significant monetary loss, especially if NordAq's claims herein are accepted as true, and Mr. Devine's reliance on the statement(s) was a substantial factor in causing his loss.

62. Wherefore, Mr. Devine is entitled to damages from Counter Defendants as a result of their misrepresentations.

## C. Breach of Contract and Third Party Beneficiary

63. Counter Plaintiff Mr. Devine incorporates each of the preceding paragraphs as if fully set forth herein.

64. Mr. Devine had several contracts with NordAq, including where NordAq agreed to pay Mr. Devine 2.5% of amounts he was able to raise in exchange for his efforts to do so.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 41 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 41 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

65.     Mr. Devine and NordAq agreed to the essential terms and conditions of what each gave or promised to give the other in this arrangement.

66.     NordAq made a promise as part of a contract, and it did not keep that promise.

67.     Additionally, Nuoxin (acting through Cheng and others) had a contract with NordAq to invest substantial sums that would be used to develop the Tulimaniq fields leased by NordAq.

68.     Mr. Devine was a third party beneficiary to that contract, as the parties to the contract intended that at least one purpose of the contract was to benefit Mr. Devine. The parties expressly stipulated as such, assenting and affirming that Mr. Devine would be entitled to 2.5% of the monies paid by Nuoxin to NordAq under that contract.

69.     Nuoxin breached that contract, and its breach caused harm to NordAq and to Mr. Devine.

70.     Wherefore, Mr. Devine is entitled to damages from Counter Defendants as a result of their breaches of contract and as a result of his third party beneficiary status.

### D.     Tortious Interference With Contract

71.     Counter Plaintiff Mr. Devine incorporates each of the preceding paragraphs as if fully set forth herein.

72.     Mr. Devine had a contract with NordAq to receive compensation of 2.5%

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 42 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

of monies raised, which NordAq, Nuoxin, Cheng and Pfeiffer all were aware of.

73.     Counter Defendants intended to induce breach of that contract by taking over effective control of NordAq and asserting the meritless claims brought against Mr. Devine.

74.     As a result, NordAq breached the contract and the Counter Defendants' conduct caused the breach.

75.     As set forth herein, Mr. Devine was damaged as a result of the breach, and Counter Defendant's conduct was not privileged or justified.

76.     Wherefore, Mr. Devine is entitled to damages from Counter Defendants as a result of their tortious interference with contract.

### E.     Intentional Interference With Prospective Economic Advantage

77.     Counter Plaintiff Mr. Devine incorporates each of the preceding paragraphs as if fully set forth herein.

78.     In addition to his established relationships by contract or otherwise, Mr. Devine also had a potential business relationship with NordAq and/or other potential investors in NordAq.

79.     The Counter Defendants knew about the relationship and intended to prevent Mr. Devine from growing those relationships, and intentionally disrupted them.

80.     Counter Defendants' conduct interfered with the potential relationship, and that interference caused damage to Mr. Devine.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 43 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

81. Counter Defendants' conduct was not privileged or justified.

82. Wherefore, Mr. Devine is entitled to damages from Counter Defendants as a result of their intentional interference with prospective economic advantage.

## F. RICO

83. Counter Plaintiff Mr. Devine incorporates each of the preceding paragraphs as if fully set forth herein.

84. Counter Defendants' actions described herein constitute a pattern of racketeering activity. Specifically, Nuoxin and Cheng made multiple misrepresentations to Mr. Devine, with the specific intent of maintaining and growing an interest in NordAq wrongfully as a result of their failure to fund their obligations to NordAq. Once they obtained effective control over NordAq, Nuoxin and Cheng, through NordAq and Pfeiffer, established an enterprise to target Mr. Devine in interstate commerce, using legal systems in multiple states in an effort to harm Mr. Devine, all while attempting to enlarge their wrongfully obtained stakes in NordAq. Mr. Devine has been injured by reason of such conduct.

85. Counter Defendants have used mail and wire fraud to perpetuate their racketeering scheme. Specifically, they have caused to be delivered by mail things for the purpose of executing the scheme to defraud herein, such as citations for service of process. Similarly, Counter Defendants have used wire communications, such as Cheng's and Pfeiffer's many emails to Mr. Devine, in furtherance of their scheme to

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 44 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

defraud Mr. Devine.

86.     Wherefore, Mr. Devine is entitled to damages, including treble damages, from Counter Defendants as a result of their RICO violations.

## G.     Conspiracy and Acting in Concert

87.     Counter Plaintiff Mr. Devine incorporates each of the preceding paragraphs as if fully set forth herein.

88.     Counter Defendants' relationship constitutes an association of two or more persons with an unlawful objective (including, but not limited to, breaching contracts and committing fraud upon Mr. Devine as set forth herein, all in an effort to take effective control of NordAq, mask their fraudulent and deceptive conduct, and misappropriate control and share ownership of NordAq wrongfully from others).

89.     Counter Defendants reached an agreement or understanding with regard to the objective of their conspiracy and the manner in which it was to be achieved, and committed a number of overt acts, including but not limited to those described herein, to accomplish their objective. Counter Defendants knew that each others' conduct constituted a breach of duty to Mr. Devine, and yet they each gave substantial assistance or encouragement to the other co-conspirators to accomplish their wrongful conduct upon Mr. Devine.

90.     Mr. Devine has suffered economic and non-economic injury as a result of these overt acts, and Counter Defendants are jointly and severally liable for Mr.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 45 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Devine's injuries.

91. Wherefore, Mr. Devine is entitled to damages from Counter Defendants as a result of their conspiracy and acting in concert.

## H. Conversion

92. Counter Plaintiff Mr. Devine incorporates each of the preceding paragraphs as if fully set forth herein.

93. Mr. Devine had a possessory interest in his stock holdings of NordAq and in his agreed-to incentive compensation.

94. Counter Defendants intentionally interfered with Mr. Devine's right to possess that property, and Counter Defendants' actions were the legal cause of Mr. Devine's loss, as set forth herein.

95. Wherefore, Mr. Devine is entitled to damages from Counter Defendants as a result of their conversion.

## I. Punitive Damages

96. Counter Plaintiff Mr. Devine incorporates each of the preceding paragraphs as if fully set forth herein.

97. Counter Defendants' actions recited at length above were intentional, outrageous, were performed with malice or bad motives, and evidenced reckless disregard to the rights of Counter Plaintiff Mr. Devine.

98. Counter Plaintiff Mr. Devine is entitled to an award of punitive damages,

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 46 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

in an amount to be determined by the trier of fact.

## VI.    JURY TRIAL AND PRAYER FOR RELIEF

WHEREFORE, in view of the foregoing, Defendant / Counter Plaintiff Mr. Devine respectfully prays for a trial by jury on all counter claims asserted herein that are so triable to a jury, and Mr. Devine seeks all available remedies, at law and in equity, from Counter Defendants, individually, jointly and severally, including but not limited to a judgment for:

(a)    compensatory damages against Counter Defendants in an amount to be proven at trial, but no less than the jurisdictional limit of this Court;

(b)    punitive, treble, or exemplary damages against Counter Defendants in an amount to be proven at trial;

(c)    interests, costs, and attorneys' fees as permitted by applicable law;

(d)    an order enjoining Counter Defendants from modifying, in any way, the stock holdings of Mr. Devine or compensation due Mr. Devine as a result of his contracts with and efforts on behalf of NordAq;

(e)    a constructive trust imposed over same; and

(f)    all other relief, at law or in equity, that the Court deems just and reasonable.

Defendant / Counter Plaintiff Mr. Devine likewise seeks that Plaintiff / Counter Defendant NordAq take nothing on its claims against Mr. Devine, for which Mr. Devine reserves all defenses available to him in law or in equity.

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 47 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 47 of 49

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

DATED this 10th day of May 2017, at Anchorage, Alaska.

RICHMOND & QUINN

By /s/ Daniel T. Quinn
    Daniel T. Quinn
    Alaska Bar No. 8211141
    360 K Street, Suite 200
    Anchorage, AK 99501
    Ph: (907) 276-5727
    Fax: (907) 276-2953
    dquinn@richmondquinn.com

    Anthony K. Bruster
    Texas Bar No. 24036280
    (admitted *pro hac vice*)
    680 N. Carroll Ave., Suite 110
    Southlake, TX 76092
    Ph: (817) 601-9564
    Fax: (817) 796-2929
    akbruster@brusterpllc.com

    **Attorneys for Defendant**
    **Paul L. Devine**

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended
Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 48 of 49

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of May 2017, a copy of the foregoing was served electronically on the following:

Robin O. Brena – rbrena@brenalaw.com
Kevin G. Clarkson – kclarkson@brenalaw.com
Matthew C. Clarkson – mclarkson@brenalaw.com
Jon S. Wakeland – jwakeland@brenalaw.com
Anne Marie Tavella – annemarietavella@dwt.com
Michael Jungreis – michaeljungreis@dwt.com

/s/ Daniel T. Quinn

RICHMOND & QUINN

I:\2199\026\PLD\FIRST AMENDED ANSWER AND ORIG COUNTERCLAIMS.docx

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Paul Devine's First Amended Answer to NordAq Energy, Inc.'s Second Amended Complaint, and Original Counterclaims Against NordAq Energy, Inc.
NordAq Energy, Inc. v Paul L. Devine, et al., Case No. 3:16-cv-00267-JWS
Page 49 of 49

Case 3:16-cv-00267-JWS   Document 68   Filed 05/10/17   Page 49 of 49