**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORDAQ ENERGY, INC., | |
| Plaintiff and Counter Defendant, | |
| v. | Case No. 3:16-cv-0267 SLG |
| PAUL L. DEVINE, *et al.*, | |
| Defendants and Counter Plaintiffs, | Case No: 3:17-cv-0031-SLG (Consolidated) |
| and | |
| PAUL L. DEVINE, | |
| Third-Party Plaintiff, | |
| v. | |
| NUOXIN CO., LTD., *et al.*, | |
| Third-Party Defendants, | |
| and | |
| JOHN EDWARD AITKEN KIDD, | |
| Third-Party Plaintiff, | |
| v. | |
| NUOXIN CO., LTD., *et al.*, | |
| Third-Party Defendants. | |

## ORDER RE MOTIONS TO DISMISS

This order addresses each of the following motions:

At Docket 209 is Plaintiff NordAq Energy, Inc.'s ("NordAq") motion under Rule 12(b)(6) to dismiss in part Defendant Paul L. Devine's counterclaims filed within his Second Amended Counterclaim (Docket 200). Mr. Devine opposed at Docket 238. NordAq replied at Docket 270.

At Docket 211 is NordAq's motion under Rule 12(b)(6) to dismiss in part Defendant John Edward Aitken Kidd's counterclaims filed within his First Amended Counterclaim (Docket 199). Mr. Kidd opposed at Docket 239. NordAq replied at Docket 271.

At Docket 215 is Third-Party Defendant David Pfeiffer's motion under Rule 12(b)(6) to dismiss the claims against Mr. Pfeiffer in Mr. Devine's Second Amended Third-Party Complaint (Docket 201). Mr. Devine opposed at Docket 240. Mr. Pfeiffer replied at Docket 274.

At Docket 216 is Mr. Pfeiffer's motion under Rule 12(b)(6) to dismiss the claims against Mr. Pfeiffer in Mr. Kidd's Second Amended Third-Party Complaint (Docket 202). Mr. Kidd opposed at Docket 241. Mr. Pfeiffer replied at Docket 275.

At Docket 217 is NordAq's second motion under Rule 12(b)(6) for partial dismissal or under Rule 12(c) for partial judgment on the pleadings of Mr. Kidd's First Amended Counterclaim (Docket 199) for conversion against NordAq. Mr. Kidd opposed at Docket 253. NordAq replied at Docket 269.

At Docket 219 is Third-Party Defendant Robert Warthen's motion under Rule 12(b)(6) to dismiss the claims against Mr. Warthen in Mr. Kidd's Second Amended

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 2 of 30

Third-Party Complaint (Docket 202). Mr. Kidd opposed at Docket 254. Mr. Warthen replied at Docket 278.

At Docket 221 is Third-Party Defendant Doris Cheng's motion under Rules 12(b)(6) and 9(b) to dismiss the claims against Ms. Cheng in Mr. Devine's Second Amended Third-Party Complaint (Docket 201). Mr. Devine opposed at Docket 255. Ms. Cheng replied at Docket 273.

At Docket 223 is Ms. Cheng's motion under Rule 12(b)(6) to dismiss the claims against Ms. Cheng in Mr. Kidd's Second Amended Third-Party Complaint (Docket 202). Mr. Kidd opposed at Docket 256, and corrected his opposition at Docket 259. Ms. Cheng replied at Docket 272.

At Docket 226 is Nuoxin Co., Ltd.'s ("Nuoxin") motion under Rules 12(b)(6), 9(b), and 12(b)(2) to dismiss the claims against Nuoxin in Mr. Devine's Second Amended Third-Party Complaint (Docket 201). Mr. Devine opposed at Docket 257. Nuoxin replied at Docket 276.

At Docket 228 is Nuoxin's motion under Rules 12(b)(6), 9(b), and 12(b)(2) to dismiss the claims against Nuoxin in Mr. Kidd's Second Amended Third-Party Complaint (Docket 202). Mr. Kidd opposed at Docket 258. Nuoxin replied at Docket 277.

Oral argument on the foregoing motions was held on August 16, 2018, at Anchorage, Alaska.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 3 of 30

## BACKGROUND

This order addresses the second round of motions to dismiss that have been filed in this case. NordAq initiated this case by filing a complaint against Paul Devine on November 18, 2016; on August 31, 2017, Mr. Devine filed a Second Amended Answer with First Amended Counterclaims.[1] NordAq filed a motion to dismiss the First Amended Counterclaims on September 14, 2017.[2] An order addressing NordAq's motion to dismiss Paul Devine's First Amended Counterclaim (Docket 101) was entered on February 27, 2018.[3]

Much of the relevant background to this dispute is set out in the Court's prior order and is not repeated here. In that order, the Court dismissed Mr. Devine's tort claims seeking indemnification, tortious and intentional interference claims, tort-based claims related to incentive pay, and RICO claims. The remaining claims pleaded by Mr. Devine—consisting of claims for fraud and intentional misrepresentation, conversion, third party beneficiary claims, and related

---

[1] Docket 1 (Compl.); Docket 101 (Second Am. Ans. and Counterclaims). NordAq filed a Second Amended Complaint on March 6, 2017. *See* Docket 23.

[2] Docket 103–04.

[3] Docket 194 at 25.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 4 of 30

conspiracy claims—were dismissed with leave to amend.[4]  NordAq's motion did not seek dismissal of Mr. Devine's breach of contract claim.

After the Court entered its order, two answers with counterclaims and two third-party complaints were filed.  On March 13, 2018, Mr. Devine filed a Second Amended Answer and Second Amended Counterclaim against NordAq,[5] and Johnathan Kidd filed a First Amended Answer and First Amended Counterclaim against NordAq.[6]  On March 19, 2018, Mr. Devine filed a Second Amended Third-Party Complaint against Nuoxin Co., Ltd., Doris Cheng, and David Pfeiffer,[7] and Mr. Kidd filed a Second Amended Third-Party Complaint against Nuoxin, Ms. Cheng, Mr. Pfeiffer, and Mr. Warthen.[8]

Now before the Court are several motions to dismiss various claims raised in these four pleadings, each of which is discussed in turn below.

## LEGAL STANDARDS

Many of the relevant legal standards were set out in this Court's prior order at Docket 194 and are not repeated here.

---

[4] In an order on reconsideration, the Court clarified that it "intended for all tort claims that relate to the enforcement of the employment and incentive contracts between Mr. Devine and NordAq to be dismissed with prejudice."  Docket 196 at 1–2.

[5] Docket 200.

[6] Docket 199.

[7] Docket 201.

[8] Docket 202.

Case No. 3:16-cv-0267-SLG,  *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 5 of 30

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9]  Granting leave to amend may be futile where a plaintiff's attorneys are aware "that identical claims pled as they were in Plaintiff's complaint have repeatedly failed as a matter of law."[10]     A  "district   court's  'decision   to dismiss the   [second]   amended complaint *with prejudice* [may be] appropriate in light of [plaintiffs'] repeated failure to cure the deficiencies in [their] pleadings.'"[11]

---

[9] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] *Rodriguez v. Wells Fargo Bank, N.A.*, No. 2:11-CV-00553 JAM, 2011 WL 2946381, at *3 (E.D. Cal. July 21, 2011); *see also id.* at *2 ("Allowing Plaintiff leave to amend this claim would be futile; Plaintiff's attorneys have previously pled causes of action for breach of fiduciary duty under similar circumstances, which were all dismissed when the defendant lending institution raised the same issue . . . ."); *Jang v. 1st United Bank*, No. 2:11-CV-02427-JAM, 2012 WL 2959985, at *3 (E.D. Cal. July 19, 2012) ("The Court further finds that allowing Plaintiffs leave to amend their TILA claim would be futile . . . . [I]n their Motion to Dismiss, Defendants address several other cases brought by Plaintiffs' former attorney, where allegations identical to Plaintiffs' regarding equitable tolling were found to be insufficient at the pleading stage. Plaintiffs do not respond to this in their Opposition, and instead simply argue that their claim was adequately pled." (citations omitted)).

[11] *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (first, third and fourth alteration in original) (emphasis in original) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993)).

Case No. 3:16-cv-0267-SLG,  *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 6 of 30

**DISCUSSION**

*1. NordAq's motion for partial dismissal of Paul L. Devine's Second Amended Counterclaim*

At Docket 209, NordAq moves to dismiss a portion of the Second Amended Counterclaim that Mr. Devine filed after the Court's order on NordAq's first motion to dismiss.[12] At issue in this motion are the following claims for relief: fraud and misrepresentation (intentional and negligent), acting-in-concert (or civil conspiracy), and punitive damages. In support of the motion, NordAq argues that Mr. Devine's tort-based counterclaims continue to be improperly based upon NordAq's alleged contractual promises, alleged misrepresentations regarding things Nuoxin would do for NordAq, and statements or promises that NordAq maintains are not actionable, such as concern for Mr. Devine's well-being. NordAq maintains all of these claims should be dismissed with prejudice, as further attempts to state valid counterclaims for these causes of action would be futile.[13]

There are several aspects to Mr. Devine's fraud/intentional misrepresentation counterclaim. First, Mr. Devine maintains that acting through Doris Cheng, NordAq agreed with him to modify his employment agreement and to pay him as a consultant with an increased incentive bonus. He alleges that NordAq made these promises, but they were misrepresentations and fraudulent

---

[12] *See also* Docket 213 (Errata); Docket 200 (Devine's Second Amended Answer and Second Amended Counterclaim Against NordAq).

[13] *See* Docket 210 (NordAq's Memorandum in Support of Motion to Dismiss) at 2–3.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 7 of 30

because, according to Mr. Devine, NordAq never intended to honor them. Mr. Devine appears to argue that he should be able to maintain tort claims for this alleged conduct because he is unable to maintain them as breach of contract claims in light of the terms of the 2012 employment contract, which he maintains expressly prohibited oral modification.[14] But this argument is without merit; even if the 2012 employment contract prohibited oral modification, that does not mean that an alleged breach of a subsequent oral modification of that agreement sounds in tort. NordAq is entitled to dismissal with prejudice of this aspect of the fraud/misrepresentation claim.

The second aspect of Mr. Devine's fraud/misrepresentation counterclaim alleges that Mr. Pfeiffer, allegedly acting on behalf of NordAq, told Mr. Devine that he was concerned for Mr. Devine's well-being and would carry out Mr. Devine's best interests. The Court agrees with NordAq that such statements, even if made, are not actionable in tort for fraud/misrepresentation.[15]

Another aspect of Mr. Devine's fraud/misrepresentation claims appears to be for injuries that NordAq incurred, and particularly as to Nuoxin's alleged promises to it. The Court agrees with NordAq's analysis that Mr. Devine lacks standing to assert any claim that NordAq may have against Nuoxin, as it is the

---

[14] *See* Docket 238 at 11–12.

[15] Docket 210 at 12–13.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 8 of 30

corporation itself, and not any individual shareholder, that may have suffered the alleged harm identified by Nuoxin's failure to invest additional monies in NordAq.[16]

The Court previously dismissed Mr. Devine's negligent misrepresentation claim against NordAq and no material changes have been made to that claim by Mr. Devine after leave to amend was granted. Accordingly, that claim will also be dismissed with prejudice at this time.

In light of the foregoing, both the related acting-in-concert (civil conspiracy) and punitive damages claims related to the fraud/misrepresentation claims must also be dismissed with prejudice. To the extent Mr. Devine continues to maintain a claim for litigation conduct, including seeking recovery of the attorney's fees awarded against him previously in this case, such allegations fail as a matter of law at this time.[17]

Accordingly, NordAq's motion to dismiss all of Mr. Devine's fraud/misrepresentation claims, and associated acting-in-concert and punitive damages claims, at Docket 209 will be granted. In light of Mr. Devine's "repeated failure to cure the deficiencies in [his] pleadings," these claims will be dismissed with prejudice.[18]

---

[16] *See Hanson v. Kake Tribal Corp.*, 939 P.2d 1320, 1326–27 (Alaska 1997) (permitting certain shareholders direct action against corporation alleging unlawful shareholder distribution plan, where direct action "only way to provide an adequate remedy" and "corporation may not be entitled to any damages from the shareholders who received payments").

[17] *See* Docket 210 at 16–17; Docket 200 at 24, ¶ 3. This Court addressed Mr. Devine's litigation conduct claim in its prior order of dismissal. *See* Docket 194 at 20–21.

[18] *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (quoting *Neubronner v. Milken*, 6 F.3d

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 9 of 30

*2. NordAq's Motion for Partial Dismissal of John Kidd's First Amended Counterclaims*

At Docket 211, NordAq moves to dismiss with prejudice all of Mr. Kidd's counterclaims against NordAq apart from the breach of contract claims. This includes Mr. Kidd's claims for fraud/misrepresentation, acting-in-concert, and punitive damages.

NordAq argues that dismissal of Mr. Kidd's tort counterclaims is warranted for the same basic reasons that it sought dismissal of Mr. Devine's tort counterclaims. One aspect of Mr. Kidd's fraud/misrepresentation counterclaim appears to be that NordAq promised Mr. Kidd that he would receive a salary at an increased rate after the Nuoxin transaction closed in 2014. Similar to Mr. Devine's counterclaim alleging a modified employment contract, this aspect of Mr. Kidd's fraud/misrepresentation counterclaim alleges a breach of contract claim. It is not a viable tort cause of action.

Another aspect of Mr. Kidd's fraud/misrepresentation claims appears to be for injuries that occurred to NordAq, and particularly as to Nuoxin's alleged promises to it. The Court agrees with NordAq's analysis that Mr. Kidd lacks standing to assert any claim that NordAq may have against Nuoxin and/or Doris Cheng in this regard, as it is the corporation itself, and not any individual

_____

666, 672 (9th Cir.1993)).

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 10 of 30

shareholder, that may have suffered any alleged compensable harm related to Nuoxin's failure to invest additional monies in NordAq.[19]

Finally, Mr. Kidd alleges that NordAq committed the torts of fraud and misrepresentation in 2015 through Ms. Cheng when she omitted communicating to Mr. Kidd at that time that NordAq would challenge Mr. Kidd's stock holdings later in 2016. These so-called "promises by omission" are not actionable against NordAq as fraudulent misrepresentations. Mr. Kidd cites to no authority for the proposition that a non-closely held corporation such as NordAq can be held liable in tort when one member of the corporation's board does not share certain information about the corporation's future intended actions with another board member, even if it were to be proven that Ms. Cheng knew in 2015 that NordAq intended to take action against Mr. Kidd's shares later in 2016.[20]

Because the Court finds that Mr. Kidd has failed to plead any viable claim for fraud/misrepresentation (including any claim for negligent misrepresentation), the corresponding claims for acting-in-concert (or civil conspiracy) and punitive damages will also be dismissed. In addition, any claims related to an alleged "litigation campaign" against Mr. Kidd should be dismissed, for the reasons set out

---

[19] *See Hanson v. Kake Tribal Corp.*, 939 P.2d 1320, 1326–27 (Alaska 1997).

[20] In addition, as further discussed below with respect to Mr. Kidd's conversion claim, the claim relates to NordAq stock that was held by Nordik Energy Partners, a limited liability company in which Mr. Kidd was a member. Mr. Kidd has not adequately pleaded that his own stock was taken, which is critical to showing that he was actually harmed by a NordAq board member's alleged failure to disclose. *See* Docket 271 at 12, n.18.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 11 of 30

in the Court's prior order of dismissal and in the preceding discussion in this order with respect to Mr. Devine.[21]

The Court also finds that Mr. Kidd's counterclaims against NordAq should be dismissed with prejudice. Although normally a court should grant at least one opportunity to amend before dismissing a claim with prejudice, here the Court finds that dismissal with prejudice is warranted for the following reasons: the Court has previously issued an order of dismissal as to Mr. Devine's counterclaims, who had pled claims substantially similar to Mr. Kidd's, and granted leave to amend as to those claims. But, as discussed above, Mr. Devine has failed to state viable tort claims on his next attempt, and dismissal of those claims with prejudice will be granted. Mr. Devine and Mr. Kidd are represented by the same attorneys in this case.[22] As such, the Court finds that granting Mr. Kidd leave to amend in an effort

---

[21] *See supra* note 17 and accompanying text.

[22] *See Jang v. 1st United Bank*, No. 2:11-CV-02427-JAM, 2012 WL 2959985, at *3 (E.D. Cal. July 19, 2012) ("The Court further finds that allowing Plaintiffs leave to amend their TILA claim would be futile . . . . [I]n their Motion to Dismiss, Defendants address several other cases brought by Plaintiffs' former attorney, where allegations identical to Plaintiffs' regarding equitable tolling were found to be insufficient at the pleading stage. Plaintiffs do not respond to this in their Opposition, and instead simply argue that their claim was adequately pled." (citations omitted)); *Rodriguez v. Wells Fargo Bank, N.A.*, No. 2:11-CV-00553 JAM, 2011 WL 2946381, at *2 (E.D. Cal. July 21, 2011) ("Allowing Plaintiff leave to amend this claim would be futile; Plaintiff's attorneys have previously pled causes of action for breach of fiduciary duty under similar circumstances, which were all dismissed when the defendant lending institution raised the same issue . . . ."); *id.* at *3 ("In light of the dearth of facts in Plaintiff's complaint, and Plaintiff's attorneys' knowledge that identical claims pled as they were in Plaintiff's complaint have repeatedly failed as a matter of law, allowing leave to amend would be futile.").

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 12 of 30

to plead a viable claim for fraud/malpresentation against NordAq (either intentional or negligent)[23] would be futile.

### 3. *Motion to Dismiss Claims Against David Pfeiffer in Paul L. Devine's Second Amended Third Party-Complaint*

At Docket 215, David Pfeiffer moves to dismiss Paul Devine's Second Amended Third-Party Complaint (Docket 201) against Mr. Pfeiffer. The motion seeks dismissal of all the claims that Mr. Devine asserted against Mr. Pfeiffer: fraud/misrepresentation, tortious interference with contract, conspiracy and acting-in-concert, conversion, breach of contract, and punitive damages. In his opposition, Mr. Devine indicates that he "drops and no longer asserts his claims for conversion and breach of contract against Mr. Pfeiffer."[24] Therefore, each of those claims will be dismissed with prejudice.

With respect to Mr. Devine's fraud/misrepresentation claims against Mr. Pfeiffer, one aspect appears to allege that Mr. Pfeiffer fraudulently misrepresented to Mr. Devine that he would "carry out the best interests of Devine, Kidd, and Clearview by, *inter alia,* making sure that Devine's and Kidd's monies received from NordAq were properly accounted for via the Clearview entity when in fact Pfeiffer and NordAq would then subsequently claim in this lawsuit that this structure was done in an effort to conceal and misappropriate funds from

---

[23] As further explained by NordAq at Docket 271, pp. 16–17, Mr. Kidd's negligent misrepresentation claims are inadequately pleaded.

[24] Docket 240 (Opp'n) at 3.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 13 of 30

NordAq."[25]  The Court finds dismissal of these claims is warranted, in part because the third-party complaint contains no allegations that specifically explain what, if anything, Mr. Pfeiffer allegedly did wrong with respect to Clearview, when he committed those alleged wrongs, and how those alleged wrongs harmed Mr. Devine.[26]

A second aspect of Mr. Devine's fraud/misrepresentation claim alleges that Mr. Pfeiffer told Mr. Devine that he "was concerned for Mr. Devine's wellbeing" and "would not act to take advantage" of Mr. Devine's health issues.[27]  This claim relates to the eventual entry of an award of attorney's fees against Mr. Devine in this case that were incurred by NordAq in the default proceedings.[28]  As explained above, however, with respect to NordAq, these assertions, even if made by Mr. Pfeiffer, are not actionable fraudulent misrepresentations.[29]

In light of the Court's prior order on NordAq's motion to dismiss against Mr. Devine, which granted leave to amend, the Court finds that dismissal of these related claims against Mr. Pfeiffer with prejudice is warranted, as according to Mr. Devine an additional opportunity to try to file an amended complaint that would

---

[25] Docket 240 at 5–6 (emphasis omitted) (citing Docket 201, ¶ 52(c)(1)).

[26] *See* Docket 194 at 8–14.

[27] Docket 240 at 6 (emphasis omitted) (citing Docket 201, ¶ 52(c)(2)).

[28] *See* Docket 39 (Motion to Vacate Clerk's Entry of Default); Docket 87 (Order and Opinion re Motion for Default Judgment and Motion to Vacate) at 10.

[29] *See supra* note 15 and accompanying text.

Case No. 3:16-cv-0267-SLG,  *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 14 of 30

state a viable cause of action for fraud/misrepresentation against Mr. Pfeiffer appears to be futile.[30]

Mr. Devine also brings a claim for tortious interference with contract against Mr. Pfeiffer. Here, Mr. Devine groups Mr. Pfeiffer together with the other third party defendants he has named—Doris Cheng and Nuoxin—and asserts that they together conspired to cause NordAq to breach its employment contact with Mr. Devine. But as Mr. Pfeiffer correctly notes, Mr. Devine alleges no facts that plausibly explain when, how, and in what manner Mr. Pfeiffer interfered with Mr. Devine's employment contract, his compensation, or any incentive-bonus arrangement that Mr. Devine may have had with NordAq.[31]

Mr. Devine appears to acknowledge that Mr. Pfeiffer cannot be held liable under this tort when Mr. Pfeiffer was acting as NordAq's agent.[32] But Mr. Devine maintains that he has also pleaded that each of the third-party defendants acted to pursue their own self-interests or the interests of others.[33] However, the allegations he makes in that regard are vague and conclusory. Mr. Devine fails to identify any self-interest that could have motivated Mr. Pfeiffer—that is, Mr. Devine does not explain how Mr. Pfeiffer personally benefitted from allegedly interfering in

---

[30] *See supra* note 22.

[31] Docket 215 at 17–18.

[32] *See* Docket 240 at 14.

[33] Docket 240 at 14.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 15 of 30

NordAq's employment contract with Mr. Devine. These same infirmities underlie the acting-in-concert (civil conspiracy) claim.[34] Allegations of a conspiracy or concerted action must be supported by well-pleaded material facts; such allegations are not present in the Third-Party Complaint.[35]

Based on the foregoing, the Court finds that Mr. Devine's Third-Party Complaint against Mr. Pfeiffer should be dismissed in its entirety for failure to state a plausible claim for relief. Further, the dismissal should be with prejudice, because given the Court's prior instructions to Mr. Devine with respect to the rules of pleading, and the subsequent Third-Party Complaint that was filed, the Court finds that an opportunity for amendment to permit the filing by Mr. Devine of another Third-Party Complaint against Mr. Pfeiffer would be futile.

### 4. Motion to Dismiss Claims Against David Pfeiffer in John Kidd's Second Amended Third-Party Complaint

At Docket 216, Mr. Pfeiffer moves to dismiss all of the claims that Mr. Kidd brought against him. In his response, Mr. Kidd indicates that he is dropping his

---

[34] *See* Docket 201 at 30–32, ¶¶ 68–74; Docket 240 at 14–15.

[35] *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006), *cert. denied*, 549 U.S. 817 (2006) (noting that Rule 9(b) requires a plaintiff to "plead, at a minimum, the basic elements of a civil conspiracy if the object of the conspiracy is fraudulent"); Docket 201 at 30–31, ¶ 69 (alleging conspiracy to "mask . . . fraudulent and deceptive conduct"). Mr. Devine's civil conspiracy claim is also derivative of his other claims, each of which will be dismissed. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007); Docket 201 at 32, ¶ 73.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 16 of 30

claim for breach of contract against Mr. Pfeiffer.[36]  Presently at issue are Mr. Kidd's claims against Mr. Pfeiffer for tortious interference with contract and conversion.

With respect to the tortious interference claim,  Mr. Kidd alleges in generalized terms that Mr. Pfeiffer, in cooperation with co-defendants Warthen, Nuoxin, and Cheng, was acting in his own self-interest to interfere with Mr. Kidd's contract with NordAq, as he was "motivated by a continuing desire to . . . financially ruin . . . Kidd."[37]  But as with Mr. Devine's tortious interference claim against Mr. Pfeiffer, Mr. Kidd has not alleged any facts that plausibly explain when, how, and in what manner Mr. Pfeiffer intentionally interfered with Mr. Kidd's employment or other contractual relationship he may have had with NordAq.  Mr. Kidd cites extensively to portions of his Second Amended Third-Party Complaint in asserting that he has alleged facts sufficient to infer that Mr. Pfeiffer tortuously interfered with Mr. Kidd's contract(s) with NordAq, but the cited paragraphs contain no specific factual allegations—only conclusory statements.[38]  The Court's order on the first motion to dismiss set forth the elements for this tort under Alaska law to Mr. Devine, who is represented by the same attorney as Mr. Kidd in this action.[39]  But the Second Amended Third-Party Complaint fails to describe with any particularity the

---

[36] Docket 241 at 4.  Mr. Kidd's Second Amended Third-Party Complaint does not assert a fraud or misrepresentation claim against Mr. Pfeiffer.  See Docket 241 at 6.

[37] Docket 202 at 30, ¶ 69.

[38] See Docket 241 at 6–8 (citing Docket 202 at 29–32, ¶¶ 66–70, 75).

[39] See Docket 194 at 17–18; see Cornelison v. TIG Ins., 376 P.3d 1255, 1269 (Alaska 2016).

Case No. 3:16-cv-0267-SLG,  NordAq v. Devine, et al.
Order re Motions to Dismiss
Page 17 of 30

alleged wrongful conduct of Mr. Pfeiffer and explain how that alleged wrongful conduct caused NordAq to breach its contract(s) with Mr. Kidd. Given the procedural posture of the case and the terms of the Court's order on the first motion to dismiss, the Court finds that permitting Mr. Kidd leave to amend to attempt to plead a tortious interference claim against Mr. Pfeiffer would be futile. Therefore, Mr. Kidd's tortious interference with contract claim against Mr. Pfeiffer will be dismissed with prejudice. Likewise, the acting-in-concert and civil conspiracy claims related to such tort must also be dismissed with prejudice for failure to state a claim for relief.

Mr. Kidd's conversion claim appears to be premised on the stock that he held in a distinct legal entity, Nordik Energy Partners. As stated by Mr. Kidd in the Second Amended Third-Party Complaint, the "vast majority" of the NordAq shares at issue in the conversion claim were held by Nordik, and not by Mr. Kidd personally.[40] The viability of such a claim is thoroughly discussed in the parties' briefing with respect to NordAq's second motion for partial dismissal at Docket 217, which focuses on Mr. Kidd's conversion claim against NordAq. For the same reasons discussed immediately below in Part 5 of this order, Mr. Kidd's conversion claim against Mr. Pfeiffer will be dismissed with prejudice for failure to state a claim for relief.

---

[40] Docket 202 at 20–21, ¶ 49.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 18 of 30

*5. NordAq's Second Motion for Partial Dismissal Under Fed. R. Civ. P. 12(b)(6) or for Partial Judgment on the Pleadings Under Fed. R. Civ. P. 12(c) [John Kidd's Conversion Claim]*

At Docket 217, NordAq moves to dismiss the conversion counterclaim that Mr. Kidd pleaded against it at Docket 199. The counterclaim is focused on the stock that Mr. Kidd owned in a separate legal entity, Nordik Energy Partners LLC. Specifically, it alleges that in February 2016, Nordik owned "1,001,982 shares of NordAq . . . . Thus, as a 40 % owner in Nordik, Mr. Kidd owned approximately 400,000 shares of NordAq at that time."[41]

NordAq's motion is based on its assertion that "[a]s a matter of law, Nordik's property is not Kidd's property. AS 10.50.350(a). Kidd lacked a possessory interest in the NordAq stock that he asserts was taken from Nordik," and thus "he cannot establish that NordAq was a legal cause of loss to him."[42]

Mr. Kidd responds by implicitly acknowledging that NordAq's legal argument has merit with respect to his shares in Nordik. Nowhere in his opposition does he explain how he has stated a viable claim for conversion against NordAq for the stock that he held in Nordik. Rather, in his opposition Mr. Kidd now asserts that in addition to the shares he held in Nordik, he also directly owned some shares in

---

[41] Docket 199 at 27, ¶ 50.

[42] Docket 218 at 6; *see* AS 10.50.350(a) ("Property transferred to or otherwise acquired by a limited liability company is the property of the company and is not the property of the members individually.").

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 19 of 30

NordAq. Appended to Mr. Kidd's opposition is documentation which purports to show that 13,558 shares of NordAq stock was issued directly to Mr. Kidd in 2009.[43]

In reply, NordAq notes that Mr. Kidd did not contest that Nordik's property is not his property. And it maintains that Mr. Kidd's allegations concerning the 13,558 shares are entirely new and that a claim based on those shares "cannot be reasonably inferred from the allegations stated in his counterclaim."[44] NordAq also appends to its reply documentation that it indicates purports to show that Mr. Kidd continues to directly own shares of NordAq stock.[45]

NordAq (and all the other parties that Mr. Kidd alleges wrongfully converted Mr. Kidd's NordAq shares) is entitled to dismissal of the conversion claim to the extent it is based upon Mr. Kidd's ownership of stock in Nordik. The dismissal of all such claims will be with prejudice because it would be futile for Mr. Kidd to plead a plausible conversion claim based on Nordik's stock.

With respect to any NordAq stock personally held by Mr. Kidd, the Court does not read Mr. Kidd's current pleadings to state a claim for the conversion of that stock. Rather, the Court agrees with NordAq that the clear focus of the pleadings is on Mr. Kidd's stock in Nordik. Mr. Kidd may seek to file a motion to amend his pleadings to raise such a claim, but in light of NordAq's attachments to

---

[43] Docket 253-1 at 2.

[44] Docket 269 at 3.

[45] Docket 269-1 at 1–4.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 20 of 30

its reply, it is not at all clear whether Mr. Kidd and his counsel have yet undertaken the reasonable inquiry required by Rule 11(b) of the Federal Rules of Civil Procedure with respect to that stock, which would be a necessary predicate prior to the filing of a motion to amend on that basis.

### 6. *Motion to Dismiss Claims Against Robert Warthen in John Kidd's Second Amended Third-Party Complaint [Fed. R. Civ. P. 12(b)(6)]*

At Docket 219, Mr. Warthen seeks dismissal of each of the claims brought against him by Mr. Kidd in his Second Amended Third-Party Complaint (Docket 202).[46] Mr. Kidd's pleading listed claims for fraud, misrepresentation, tortious interference with contract, conspiracy and acting-in-concert, conversion, and punitive damages. In his response to the motion, Mr. Kidd indicates that he is dropping "his claims for fraud and breach of contract against Mr. Warthen."[47] Mr. Kidd's opposition does not address the claim for misrepresentation, which the Court also finds was effectively dropped by Mr. Kidd as well. The Court discusses the remaining claims in turn.

The tortious interference with contract claim that Mr. Kidd brings against Mr. Warthen is similar to the tortious interference claims brought by both Mr. Kidd and Mr. Devine against Mr. Pfeiffer, in that it fails to state a plausible claim for relief. As with those claims, Mr. Kidd groups Mr. Warthen together with the other third

---

[46] Paul Devine did not name Mr. Warthen as a defendant in his Second Amended Third-Party Complaint. *See* Docket 201.

[47] Docket 254 at 4.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 21 of 30

party defendants he has named and asserts that they together conspired in some unspecified manner at some unspecified time and place to cause NordAq to breach its employment contract with Mr. Kidd. Similar to the allegations brought against Mr. Pfeiffer, Mr. Kidd alleges no facts that plausibly explain when, how, and in what manner Mr. Warthen interfered with Mr. Kidd's contractual relationship(s) with NordAq.[48]

As with Mr. Devine, Mr. Kidd appears to acknowledge that Mr. Warthen cannot be held liable under this tort when he was acting as NordAq's agent.[49] But Mr. Kidd maintains that he has also pleaded that each of the third-party defendants acted to pursue their own self-interests or the interests of others. However, similar to his allegations against Mr. Pfeiffer, the allegations he makes in that regard against each of the third-party defendants are vague and conclusory.[50] Mr. Kidd fails to identify any self-interest that motivated Mr. Warthen—that is, Mr. Kidd does not explain how Mr. Warthen personally benefitted from allegedly interfering in NordAq's contractual relationship(s) with Mr. Kidd. These same infirmities underlie the associated acting-in-concert (civil conspiracy) claim. Allegations of a conspiracy or concerted action must be supported by well-pleaded material facts;

---

[48] *See* Docket 202 at 29–30, ¶¶ 66–72.

[49] *See* Docket 254 at 6–7.

[50] *See supra* notes 32–35 and accompanying text; Docket 202 at 30, ¶ 69.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 22 of 30

such allegations are not present in the Second Amended Third-Party Complaint against Mr. Warthen.[51]

On the conversion claim, even assuming that liability for an alleged conversion of Mr. Kidd's stock in Nordik could extend to Mr. Warthen, Mr. Kidd has failed to state a claim for conversion against Mr. Warthen with respect to Nordik's stock ownership in NordAq, for the same reasons discussed above with respect to Mr. Kidd's conversion claim against NordAq.  And as also discussed above, the Court does not read the Second Amended Third-Party Complaint to state a plausible claim for relief with respect to NordAq stock that Mr. Kidd may have himself owned.[52]

For the foregoing reasons, the Court will grant the motion to dismiss Mr. Kidd's Second Amended Third-Party Complaint at Docket 219 against Robert Warthen in its entirety.  The dismissal will be with prejudice because granting Mr. Kidd leave to amend to plead viable claims for tortious interference with contract, conspiracy and acting-in-concert, and/or conversion would be futile.

   7. *Motion to Dismiss Devine's Second Amended Third-Party Complaint Against Cheng and Joinder*

---

[51]  *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006), *cert. denied*, 549 U.S. 817 (2006); Docket 202 at 31, ¶ 74 (alleging existence of conspiracy with object of "breaching contracts and committing fraud upon Mr. Kidd").

[52] See *supra* Part 5.

Case No. 3:16-cv-0267-SLG,  *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 23 of 30

At Docket 221, third-party defendant Doris Cheng moves to dismiss all of the claims brought by Paul Devine against her. The Second Amended Third-Party Complaint included the following claims against Ms. Cheng: fraud/misrepresentation, interference with contract or prospective advantage, conversion, breach of contract, litigation-related claims, and associated claims for civil conspiracy and punitive damages.[53] In his opposition, Mr. Devine drops his claims for conversion and breach of contract against Ms. Cheng.[54] Thus, the Court turns to the remaining claims.

One aspect of Mr. Devine's fraud/misrepresentation claim against Ms. Cheng focuses on statements she allegedly made regarding whether Nuoxin would be providing additional funds to invest in NordAq in the fall of 2014. The Court agrees with Ms. Cheng's analysis of this claim: it fails to state each of the requisite elements of the test. First, the alleged statements made by Ms. Cheng regarding Nuoxin's second investment are not statements that are actionable for fraud; they are not false or misleading *factual* statements. Second, there is no showing that Mr. Devine could have justifiably relied on the statements that were made, or that he in fact did so.[55] And even if such justifiable reliance had

---

[53] Docket 201 at 24–35, ¶¶ 51–87.

[54] Docket 255 at 4.

[55] The Court finds Ms. Cheng's analysis of the 2014 Subscription Agreement to be persuasive in this regard. *See* Docket 273 at 3 ("[T]he allegedly offending emails and oral statement cannot be justifiably relied upon to trump a written Subscription Agreement."); Docket 255 at 12–13.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 24 of 30

theoretically been pleaded with particularity, there is no showing that any such reliance on the purported statement by Mr. Devine caused him any loss. In short, Mr. Devine has failed to state a viable claim for fraud/misrepresentation against Ms. Cheng with respect to Nuoxin's potential investment in NordAq in the fall of 2014. And the Court is persuaded by Ms. Cheng's analysis of the standing issue— Mr. Devine would not have standing as an officer or shareholder to sue for injuries to the corporation.[56]

Mr. Devine alleges other types of fraudulent misrepresentations by Ms. Cheng. He asserts that her promises to increase his compensation must be tortious misrepresentations because an oral modification of the employment agreement between Mr. Devine and NordAq was prohibited.[57] For the same reasons that the Court rejected this reasoning when argued by Mr. Devine against NordAq, the Court finds Mr. Devine has failed to state a fraud/misrepresentation claim against Ms. Cheng on this basis.[58]

For the foregoing reasons, Ms. Cheng's motion to dismiss all the fraud/misrepresentation claims brought against her by Mr. Devine will be granted, and for the same reasons set forth above that dismissed other claims with

---

[56] *See* Docket 222 at 6; *cf. Hanson v. Kake Tribal Corp.*, 939 P.2d 1320, 1327 (Alaska 1997) (noting that a shareholder generally may not bring a cause of action against a corporation for wrongs to the corporation, and permitting suit only because shareholder suffered an injury separate and distinct from other shareholders).

[57] Docket 255 at 15.

[58] *See supra* note 14 and accompanying text.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 25 of 30

prejudice at this juncture, that dismissal will be with prejudice. Permitting Mr. Devine an opportunity to amend to state a valid cause of action against Ms. Cheng related to the Nuoxin investment or to promises concerning Mr. Devine's compensation would be futile.

The tortious interference of contract claim against Ms. Cheng will be dismissed with prejudice for the same reasons that the Court dismissed these claims against Mr. Pfeiffer and Mr. Warthen: they are vague, conclusory, nonspecified allegations that fail to conform to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.[59]

Likewise, any litigation-related claims against Ms. Cheng will be dismissed with prejudice, although it is not clear whether Mr. Devine intended to continue to assert any such claims at this time.[60]

### 8. *Doris Cheng's Motion to Dismiss Kidd's Second Amended Third-Party Complaint and Joinder*

At Docket 223, Ms. Cheng seeks dismissal of the claims brought against her in John Kidd's Second Amended Third-Party Complaint. The claims pleaded against her include fraud/misrepresentation, tortious interference with contract/prospective advantage, conversion, breach of contract, and associated

---

[59] *See supra* notes 31–33 and accompanying text; notes 37–39 and accompanying text.

[60] *See* Docket 255 at 18.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 26 of 30

claims for civil conspiracy and punitive damages. In his response, Mr. Kidd drops his claim for breach of contract against Ms. Cheng.[61]

For the same reasons as discussed above with respect to each of the remaining claims, Ms. Cheng's motion to dismiss the entirety of Mr. Kidd's Second Amended Third-Party Complaint against her at Docket 223 will be granted, and the dismissal will be with prejudice in light of the futility of amendment.

9. *Nuoxin's Motions to Dismiss John Kidd's Claims Against Nuoxin (Docket 228) and Paul Devine's Claims Against Nuoxin (Docket 226).*

Nuoxin seeks dismissal of the claims brought by both John Kidd and Paul Devine against it. It seeks dismissal for both failure to state a claim and for lack of personal jurisdiction as to each Third-Party Complaint. The Court does not reach the personal jurisdiction argument, as it finds that dismissal of all claims brought by both Mr. Devine and Mr. Kidd against Nuoxin is warranted for failure to state a claim, based on the same reasoning applied above as to NordAq, as applicable, and the remaining third-party defendants. Accordingly, the motions at Docket 226 and Docket 228 will both be granted for failure to state a claim. For the same reasons set forth above that dismissed other claims with prejudice at this juncture, that dismissal will be with prejudice.

## CONCLUSION

In light of the foregoing, IT IS ORDERED as follows:

---

[61] Docket 259 at 4.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 27 of 30

1. NordAq's Motion for Partial Dismissal of Paul Devine's Second Amended Counterclaim at Docket 209 is GRANTED. Mr. Devine's counterclaims against NordAq Energy, Inc., for fraud, misrepresentation (intentional and negligent), and the related claims of acting-in-concert and punitive damages are DISMISSED with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

2. NordAq's Motion for Partial Dismissal of John Kidd's First Amended Counterclaim at Docket 211 is GRANTED. Mr. Kidd's counterclaims against NordAq Energy, Inc., for fraud, misrepresentation (intentional and negligent), and the related claims of acting-in-concert and punitive damages are DISMISSED with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

3. David Pfeiffer's motion to dismiss claims against David Pfeiffer in Paul L. Devine's Second Amended Third-Party Complaint at Docket 215 is GRANTED, and all the claims against Mr. Pfeiffer as pleaded in that complaint are DISMISSED with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

4. David Pfeiffer's motion to dismiss claims against David Pfeiffer in John Edward Kidd's Second Amended Third-Party Complaint at Docket 216 is GRANTED and all such claims are DISMISSED with prejudice under Fed.

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 28 of 30

R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

5. NordAq's motion for dismissal of John Kidd's conversion claim at Docket 217 is GRANTED, and the claim for conversion with respect to any shares of stock held by Mr. Kidd in Nordik Energy Partners, LLC, is DISMISSED with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

6. Mr. Warthen's motion to dismiss claims against Robert Warthen in John Kidd's Second Amended Third-Party Complaint at Docket 219 is GRANTED in its entirety, and all the claims against Mr. Warthen as pleaded in that complaint are DISMISSED with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

7. Doris Cheng's Motion to Dismiss Devine's Second Amended Third-Party Complaint Against Cheng at Docket 221 is GRANTED in its entirety, and all the claims against Ms. Cheng as pleaded in that complaint are DISMISSED with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

8. Doris Cheng's Motion to Dismiss Kidd's Second Amended Third-Party Complaint Against Cheng at Docket 223 is GRANTED in its entirety, and all the claims against Ms. Cheng as pleaded in that complaint are DISMISSED with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 29 of 30

which relief can be granted.

9. Nuoxin's Motion to Dismiss For Failure to State a Claim as to Paul Devine (at Docket 226) and John Kidd (at Docket 228) are both GRANTED in their entirety, and all the claims against Nuoxin as pleaded in the Second Amended Third-Party Complaints of both Mr. Devine and Mr. Kidd are DISMISSED with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

DATED this 25th day of January, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cv-0267-SLG, *NordAq v. Devine, et al.*
Order re Motions to Dismiss
Page 30 of 30